B 240 – Reaffirmation Agreement

# United States Bankruptcy Court
# District of South Dakota

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

In re RICHARD MICHAEL COBB & KATIE ROSE COBB
Case No. 0940521

Debtor                                                           Chapter 7

REAFFIRMATION AGREEMENT WITH
WELLS FARGO BANK, N.A.,
WELLS FARGO AUTO FINANCE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## Part A: Reaffirmation Disclosure Statement

*Before Agreeing to Reaffirm a Debt, Review These Important Disclosures:*

### SUMMARY OF REAFFIRMATION AGREEMENT
This Summary is made pursuant to the requirements of the Bankruptcy Code.

### AMOUNT REAFFIRMED

The amount of debt you have agreed to reaffirm:          $7,220.00

The **Amount Reaffirmed** includes the total amount of debt (principal and any accrued interest) you agree to reaffirm by entering into this agreement plus any related fees and costs that have accrued as of the date of this Reaffirmation Disclosure Statement.

| | |
|---|---|
| Total amount of Debt | $7,220.00 |
| Total Fees and Costs | $0.00 |
| **Amount Reaffirmed** | $7,220.00 |

This is the amount of debt you have agreed to reaffirm.

Your credit agreement may obligate you to pay additional amounts, which may come due after the date of this disclosure. Consult your credit agreement.

**ANNUAL PERCENTAGE RATE:**                                     8.00%

**Security Interest or Lien in Goods or Property**

Your debt is secured by a security interest that has not been waived in whole or in part or determined to be void by a final order of the Bankruptcy Court as of the date of this Reaffirmation Disclosure Statement.

A security interest or lien in the following goods or property is asserted over some or all of the debt(s) you are reaffirming:

| Item or Type of Item | Original Amount of Loan |
|---|---|
| 02 PONTIAC GRAND PRIX<br>VIN: 1G2WP52K62F272431 | $10,879.65 |

**Repayment Schedule**

Your payment schedule will be:

| Number | Amount | Due Date |
|---|---|---|
| 46 | $183.00 | 10/01/2009 continuing on the same day of each succeeding month. |

Note: When this Reaffirmation Disclosure Statement refers to what a creditor "may" do, it does not use the word "may" to give the creditor specific permission. The word "may" is used to tell you what might occur if the law permits the creditor to take the action. If you have questions about your reaffirming a debt or what the law requires, consult with the attorney who helped you negotiate this agreement reaffirming a debt. If you don't have an attorney helping you, the Bankruptcy Judge will explain the effect of your reaffirming a debt when the hearing on the reaffirmation agreement is held

**Reaffirming a debt is a serious financial decision.** The law requires you to take certain steps to make sure the decision is in your best interest. If these steps are not completed, the reaffirmation agreement is not effective, even though you have signed it.

1. Read the disclosures in this Part A carefully. Consider the decision to reaffirm carefully. Then, if you want to reaffirm, sign the reaffirmation agreement in Part B (or you may use a separate agreement you and your creditor agree on).

2. Complete and sign Part D and be sure you can afford to make the payments you are agreeing to make and have received a copy of the disclosure statement and a completed and signed reaffirmation agreement.

3. If you were represented by an attorney during the negotiation of your reaffirmation agreement, the attorney must have signed the certification in Part C.

4. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, you must have completed and signed Part E.

5. The original of this disclosure must be filed with the court by you or your creditor. If a separate reaffirmation agreement (other than the one in Part B) has been signed, it must be attached.

6. If you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the Bankruptcy Court unless the reaffirmation is presumed to be an undue hardship as explained in part D.

7. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, the Bankruptcy Court must hold a hearing on the reaffirmation agreement. The Bankruptcy Court will notify you of the date and time of the hearing by an order setting hearing. You must attend that hearing and answer any questions the Bankruptcy Judge may have regarding your reaffirmation agreement. Your reaffirmation agreement will not be effective unless the Bankruptcy Court determines it is consistent with your best interests and enters an order approving it. A hearing will not be held and the Bankruptcy Court does not have to approve your reaffirmation agreement if it is for a consumer debt secured by a mortgage, deed of trust, security deed, or other lien on your real property, such as your home.

**Your right to rescind (cancel) your reaffirmation agreement** You may rescind (cancel) your reaffirmation agreement at any time before the bankruptcy court enters a discharge order or before the expiration of the 60-day period that begins on the date your reaffirmation agreement is filed with the court, whichever occurs later. To rescind (cancel) your reaffirmation agreement, you must notify the creditor that your reaffirmation agreement is rescinded (or canceled).

**What are your obligations if you reaffirm the debt?** A reaffirmed debt remains your personal legal obligation. It is not discharged in your bankruptcy case. That means that if you default on your reaffirmed debt after your bankruptcy case is over, your creditor may be able to take your property or your wages. Otherwise, your obligations will be determined by the reaffirmation agreement which may have changed the terms of the original agreement. For example, if you are reaffirming an open end credit agreement, the creditor may be permitted by that agreement or applicable law to change the terms of that agreement in the future under certain conditions.

**Are you required to enter into a reaffirmation agreement by any law?** No, you are not required to reaffirm a debt by any law. Only agree to reaffirm a debt if it is in your best interest. Be sure you can afford the payments you agree to make.

**What if your creditor has a security interest or lien?** Your bankruptcy discharge does not eliminate any lien on your property. A "lien" is often referred to as a security interest, deed of trust, mortgage or security deed. Even if you do not reaffirm and your personal liability on the debt is discharged, because of the lien your creditor may still have the right to take the security property if you do not pay the debt or default on it. If the lien is on an item of personal property that is exempt under your State's law or that the trustee has abandoned, you may be able redeem the item rather than reaffirm the debt. To redeem, you make a single payment to the creditor equal to the current value of the security property, as agreed by the parties or determined by the court.

P. 4

## Part B: Reaffirmation Agreement

I (we) agree to reaffirm the debts arising under the credit agreement described below.

**Description of reaffirmation agreement:** Debtors agree to pay Wells Fargo Auto Finance principle of $7,220.00 and interest at the rate of 8.00% per year. Interest will begin to accrue on 7/16/09. Debtors will make monthly payments of $183.00 for a total amount of $7,220.00. Debtors' first payment will be due on 10/01/2009.

**Description of any changes to the credit agreement made as part of this reaffirmation agreement:** This reaffirmation reduces: the balance from $7,543.33 to $7,220.00, the interest rate from 14.84% to 8.00%, and the monthly payment from $230.52 to $183.00 effective 07/16/2009.

SIGNATURE(S):

Borrower:

_Katie Cobb_
(Print Name)

_[signature]_
(Signature)

Date: _8/16/09_

Co-Borrower, if also reaffirming these debts:

_Rich Cobb_
(Print Name)

_[signature]_
(Signature)

Date: _8/16/09_

Accepted by Creditor:

_Wells Fargo_
(Printed Name of Creditor)

_13675 Technology Drive, Bldg. C, 2nd Floor_
_Eden Prairie, MN  55344-2252_
(Address of Creditor)

_[signature]_
(Signature)

_JEAN ECKROTH, Collections Specialist_
(Printed Name and Title of Individual signing for Creditor)

Date of Creditor Acceptance: _8/17/09_

## PART C: CERTIFICATION BY DEBTOR'S ATTORNEY (IF ANY).

*[Check each applicable box.]*

**X** I hereby certify that (1) this agreement represents a fully informed and voluntary agreement by the debtor; (2) this agreement does not impose an undue hardship on the debtor or any dependent of the debtor; and (3) I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement.

Printed Name of Debtor's Attorney: __Nancy J. Nelson__

Signature of Debtor's Attorney: __Nancy J. Nelson__

Date: __8-7-09__


## PART D: DEBTOR'S STATEMENT IN SUPPORT OF REAFFIRMATION AGREEMENT

1. I believe this reaffirmation agreement will not impose an undue hardship on my dependents or me. I can afford to make the payments on the reaffirmed debt because my monthly income (take home pay plus any other income received) is $__3211.76__, and my actual current monthly expenses including monthly payments on post-bankruptcy debt and other reaffirmation agreements total $ ▓▓▓▓▓, leaving $__231.00__ to make the *original* required payments on this reaffirmed debt. __$3260.97 (see below)__

2. I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed reaffirmation agreement.

Signed: __Katti Webb__
(Debtor)
__Richard M. Webb__
(Joint Debtor, if any)
Date: __8/6/09__

*However, Debtors will be able to make the monthly payment of $183.00 per month because debtors put $231.00 on Schedule J for this vehicle expense per month, which now would reduce this expense by $48.00 per month. Also, after the surrender of the home, the expenses will be reduced by $280.00 because the 2nd mortgage will be discharged and there won't be a 1st mortgage payment of $938.00 but a lesser Rent payment per month.*

| CONSUMER PAPER<br>RETAIL INSTALLMENT CONTRACT<br>AND SECURITY AGREEMENT | Seller: BROOKINGS AUTO MALL<br>2323 EAST 6TH STREET<br>BROOKINGS SD 57006 | Buyer: KATIE COBB<br>RICHARD COBB<br>206 7TH ST E<br>VOLGA SD 57071 |
|---|---|---|
| No.<br>Date  MAY 17th, 2007 | "We" and "us" mean the Seller above, its successors and assigns. | "You" and "your" mean each Buyer above, and guarantor, jointly and individually. |

**SALE:** You agree to purchase from us, on a time basis, subject to the terms and conditions of this contract and security agreement (Contract), the Motor Vehicle (Vehicle) and services described below. The Vehicle is sold in its present condition, together with the usual accessories and attachments.

| Description of Motor Vehicle Purchased | Year 2002<br>Make PONTIAC<br>Model GRAND PRIX G | VIN 1G2WP52K62F272431<br>Lic. No./Year<br>☐ New ☒ Used | Other: |

Description of Trade-In

**SECURITY:** To secure your payment and performance under the terms of this Contract, you give us a security interest in the Vehicle, all accessions, attachments, accessories, and equipment placed in or on the Vehicle, together called Property, and proceeds of the Property. You also assign to us and give us a security interest in proceeds and premium refunds of any insurance and service contracts purchased with this Contract.

**PROMISE TO PAY AND PAYMENT TERMS:** You promise to pay us the principal amount of $ 10879.65 , plus finance charges accruing on the unpaid balance at the rate of 14.84 % per year from today's date until maturity. Finance charges accrue on a 365 day basis. After maturity, or after you default and we demand payment, we will earn finance charges on the unpaid balance at 14.84 % per year. You agree to pay this Contract according to the payment schedule and late charge provisions shown in the TRUTH IN LENDING DISCLOSURES. You also agree to pay any additional amounts according to the terms and conditions of this Contract.

**DOWN PAYMENT:** You also agree to pay, or apply to the Cash Price, on or before today's date, any cash, rebate and net trade-in value described in the ITEMIZATION OF AMOUNT FINANCED. ☐ You agree to make deferred payments as part of the cash down payment as reflected in your Payment Schedule.

### TRUTH IN LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | AMOUNT FINANCED<br>The amount of credit provided to you or on your behalf. | TOTAL OF PAYMENTS<br>The amount you will have paid when you have made all scheduled payments. | TOTAL SALE PRICE<br>The total cost of your purchase on credit, including your down payment of $ 2500.00 |
|---|---|---|---|---|
| 14.84 % | $ 5717.79 | $ 10879.65 | $ 16597.44 | $ 19097.44 |

**Payment Schedule:** Your payment schedule will be

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 72 | 230.52 | MONTHLY BEGINNING: 07/01/2007 |

**Security:** You are giving a security interest in the Motor Vehicle purchased.
☒ **Late Charge:** If a payment is more than 10 days late, you will be charged 5% OF THE UNPAID INSTALLMENT OR $5.00, WHICHEVER IS GREATER .
**Prepayment:** If you pay off this Contract early, you will not have to pay a penalty.
**Contract Provisions:** You can see the terms of this Contract for any additional information about nonpayment, default, any required repayment before the scheduled date, and prepayment refunds and penalties.

**CREDIT INSURANCE:** Credit life, credit disability (accident and health), and any other insurance coverage quoted below, are not required to obtain credit and we will not provide them unless you sign and agree to pay the additional premium. If you want such insurance, we will obtain it for you (if you qualify for coverage). We are quoting below ONLY the coverages you have chosen to purchase.

**Credit Life:** Insured _____
☐ Single ☐ Joint  Prem. $ _____ N/A  Term N/A
**Credit Disability:** Insured _____
☐ Single ☐ Joint  Prem. $ _____ N/A  Term N/A

Your signature below means you want (only) the insurance coverage(s) quoted above. If none are quoted, you have declined any coverages we offered.

_[signatures]_ Buyer / d/o/b   Buyer / d/o/b

**PROPERTY INSURANCE:** You must insure the Property securing this Contract. You may purchase or provide the insurance through any insurance company reasonably acceptable to us. The collision coverage deductible may not exceed $ N/A . If you get insurance from or through us you will pay $ N/A for N/A of coverage.

This premium is calculated as follows:
☐ $ N/A Deductible, Collision Coverage  $ N/A
☐ $ N/A Deductible, Comprehensive Cov. $ N/A
☐ Fire-Theft and Combined Additional Coverage $ N/A
☐ _____ $ N/A

Liability insurance coverage for personal liability and property damage caused to others is not included in this Contract unless checked and indicated.

Your signature below means you want (only) the insurance coverage(s) quoted above. If none are quoted, you have declined any coverages we offered.

_[signatures]_ Buyer   Buyer

☐ **SERVICE CONTRACT:** With your purchase of the Vehicle, you agree to purchase a Service Contract to cover _____. This Service Contract will be in effect for _____.

### ITEMIZATION OF AMOUNT FINANCED

Vehicle Price (incl. sales tax of $ _____ N/A ) $ 12715.00
Service Contract, Paid to: N/A   * $ N/A
Amount to Finance line e. (if e. is negative)  $ N/A
  Cash Price $ 12715.00
Manufacturer's Rebate $ N/A
Cash Down Payment $ 2500.00
Deferred Down Payment $ N/A
  a. Total Cash/Rebate Down $ 2500.00
b. Trade-In Allowance $ N/A
c. Less: Amount owing $ N/A
  Paid to: N/A
  d. Net Trade-In (b. minus c.) $ N/A
  e. Net Cash/Trade-In (a. plus d.) $ 2500.00
Down Payment (e.; disclose as $0 if negative) $ 2500.00
  Unpaid Balance of Cash Price $ 10215.00
Paid to Public Officials - Filing Fees  $ N/A
Insurance Premiums*  $ N/A
To: AMERICAN FINANCIAL  $ 595.00
To: BROOKINGS AUTO M FOR: DOC FEE $ 69.65
To: N/A  $ N/A
To: N/A  $ N/A
To: N/A  $ N/A
To: N/A  $ N/A
Total Other Charges/Amounts Pd. to Others $ 664.65
Less: Prepaid Finance Charges $ N/A
  **Amount Financed** $ 10879.65
*We may retain or receive a portion of this amount.

Your signature below means you agree to the fees paid to public officials and taxes itemized above. These fees have been disclosed and explained to you prior to your signing this Contract.

_[signatures]_ Buyer   Buyer

### NOTICE TO BUYER
(1) Do not sign this agreement before you read it or if it contains any blank spaces. (2) You are entitled to a completely filled-in copy of this agreement. (3) Under the law, you have the right to pay off in advance the full amount due and under certain conditions to obtain a partial refund of the finance charge.

BY SIGNING BELOW BUYER AGREES TO THE TERMS ON PAGES 1 AND 2 OF THIS CONTRACT AND ACKNOWLEDGES RECEIPT OF A COPY OF THIS CONTRACT.

Buyer:
Signature  KATIE COBB   05/17/2007   Date

Signature  RICHARD COBB   05/17/2007   Date

Seller: By _Rebecca Steneck_

**ASSIGNMENT:** This Contract and Security Agreement is assigned to WELLS FARGO AUTO FINANCE, INC. , the Assignee, phone (651)205-6278 . This assignment is made ☒ under the terms of a separate agreement. ☐ under the terms of the ASSIGNMENT BY SELLER on page 2. ☐ This assignment is made with recourse.
Seller: By _Rebecca Steneck_   Date 05/17/2007

**SOUTH DAKOTA** RETAIL INSTALLMENT CONTRACT AND SECURITY AGREEMENT

ExpereX © 1982, 1995 Bankers Systems, Inc., St. Cloud, MN Form RS-SI-MV-SD 5/5/2000

MOTOR VEHICLE – NOT FOR MANUFACTURED HOMES

(page 1 of 2)

## ADDITIONAL TERMS OF THIS CONTRACT AND SECURITY AGREEMENT

**GENERAL TERMS:** You have been given the opportunity to purchase the Vehicle and described services for the Cash Price or the Total Sale Price. The Total Sale Price is the total price of the Vehicle and any services if you buy them over time. You agreed to purchase the items over time. The Total Sale Price shown in the TRUTH IN LENDING DISCLOSURES assumes that all payments will be made as scheduled. The actual amount you will pay may be more or less depending on your payment record.

We do not intend to charge or collect, and you do not agree to pay, any finance charge or fee, that is more than the maximum amount permitted for this sale by state or federal law. If you pay a finance charge or fee that is contrary to this provision, we will, instead, apply it first to reduce the principal balance, and when the principal has been paid in full, refund it to you.

You understand and agree that some payments to third parties as a part of this Contract may involve money retained by us or paid back to us as commissions or other remuneration.

If any section or provision of this Contract is not enforceable, the other terms will remain part of this Contract.

The law of South Dakota will govern this transaction. It is also governed by applicable federal law and regulations. In the event of a dispute, the exclusive forum, venue, and place of jurisdiction will be in South Dakota, unless otherwise required by law.

**NAME AND LOCATION:** Your name and address indicated on page 1 are your exact legal name and your principal residence. You will provide us with at least 30 days notice prior to changing your name or principal residence.

**PREPAYMENT:** You may prepay this Contract in full or in part at any time. Any partial prepayment will not excuse any later scheduled payments until you pay in full.

A refund of any prepaid, unearned insurance premiums may be obtained from us or from the insurance company named in your policy or certificate of insurance.

**OWNERSHIP AND DUTIES TOWARD PROPERTY:** By giving us a security interest in the Property, you represent and agree to the following:
- A. Our security interest will not extend to consumer goods unless you acquire rights to them within 10 days after we enter into this Contract, or they are installed in or affixed to the Vehicle.
- B. You will defend our interests in the Property against claims made by anyone else. You will do whatever is necessary to keep our claim to the Property ahead of the claim of anyone else.
- C. The security interest you are giving us in the Property comes ahead of the claim of any other of your general or secured creditors. You agree to sign any additional documents or provide us with any additional information we may require to keep our claim to the Property ahead of the claim of anyone else. You will not do anything to change our interest in the Property.
- D. You will keep the Property in your possession in good condition and repair. You will use the Property for its intended and lawful purposes. Unless otherwise agreed in writing, the Property will be located at your address listed on page 1 of this Contract.
- E. You will not attempt to sell the Property (unless it is properly identified inventory) or otherwise transfer any rights in the Property to anyone else, without our prior written consent.
- F. You will pay all taxes and assessments on the Property as they become due.
- G. You will notify us of any loss or damage to the Property. You will provide us reasonable access to the Property for the purpose of inspection. Our entry and inspection must be accomplished lawfully, and without breaching the peace.

**DEFAULT:** You will be in default on this Contract if any one of the following occurs (except as prohibited by law):
- A. You fail to make a payment within 30 days of when it is due.
- B. You fail to perform any obligation that you have undertaken in this Contract.
- C. We, in good faith, believe that you cannot, or will not, pay or perform the obligations you have agreed to in this Contract.

If you default, you agree to pay our costs for collecting amounts owing, including, without limitation, court costs, and fees for repossession, repair, storage and sale of the Property securing this Contract.

If an event of default occurs as to any one of you, we may exercise our remedies against any or all of you.

**REMEDIES:** If you are in default on this Contract, we have all of the remedies provided by law and this Contract:
- A. We may require you to immediately pay us, subject to any refund required by law, the remaining unpaid balance of the amount financed, finance charges and all other agreed charges.
- B. We may pay taxes, assessments, or other liens or make repairs to the Property if you have not done so. We are not required to do so. Any amount we pay will be added to the amount you owe us and will be due immediately. This amount will earn finance charges from the date paid at the post-maturity rate described in the PROMISE TO PAY AND PAYMENT TERMS section until paid in full.
- C. We may require you to make the Property available to us at a place we designate that is reasonably convenient to you and us.
- D. We may immediately take possession of the Property by legal process or self-help, but in doing so we may not breach the peace or unlawfully enter onto your premises. We may then sell the Property and apply what we receive as provided by law to our reasonable expenses and then toward your obligations.
- E. Except when prohibited by law, we may sue you for additional amounts if the proceeds of a sale do not pay all of the amounts you owe us.

By choosing any one or more of these remedies, we do not waive our right to later use another remedy. By deciding not to use any remedy, we do not give up our right to consider the event a default if it happens again.

You agree that if any notice is required to be given to you of an intended sale or transfer of the Property, notice is reasonable if mailed to your last known address, as reflected in our records, at least 10 days before the date of the intended sale or transfer (or such other period of time as is required by law).

You agree that, subject to your right to recover such property, we may take possession of personal property left in or on the Property securing this Contract and taken into possession as provided above.

**RETURNED CHECK CHARGE:** If you make any payment required by this Contract with a check or negotiable instrument that is returned or dishonored, you agree to pay a fee of $30.00.

**INSURANCE:** You agree to buy property insurance on the Property protecting against loss and physical damage and subject to a maximum deductible amount indicated in the PROPERTY INSURANCE section, or as we will otherwise require. You will name us as loss payee on any such policy. In the event of loss or damage to the Property, we may require additional security or assurances of payment before we allow insurance proceeds to be used to repair or replace the Property. You agree that if the insurance proceeds do not cover the amounts you still owe us, you will pay the difference. You may purchase or provide the insurance through any insurance company reasonably acceptable to us. You will keep the insurance in full force and effect until this Contract is paid in full.

If you fail to obtain or maintain this insurance, or name us as a loss payee, we may obtain insurance to protect our interest in the Property. This insurance may include coverages not required of you. This insurance may be written by a company other than one you would choose. It may be written at a rate higher than a rate you could obtain if you purchased the property insurance required by this Contract. We will add the premium for this insurance to the amount you owe us. Any amount we pay will be due immediately. This amount will earn finance charges from the date paid at the post-maturity rate described in the PROMISE TO PAY AND PAYMENT TERMS section until paid in full.

**OBLIGATIONS INDEPENDENT:** Each person who signs this Contract agrees to pay this Contract according to its terms. This means the following:
- A. You must pay this Contract even if someone else has also signed it.
- B. We may release any co-buyer or guarantor and you will still be obligated to pay this Contract.
- C. We may release any security and you will still be obligated to pay this Contract.
- D. If we give up any of our rights, it will not affect your duty to pay this Contract.
- E. If we extend new credit or renew this Contract, it will not affect your duty to pay this Contract.

**WARRANTY:** Warranty information is provided to you separately.

**WAIVER: To the extent permitted by law, you agree to give up your rights to require us to do certain things. We are not required to: (1) demand payment of amounts due; (2) give notice that amounts due have not been paid, or have not been paid in the appropriate amount, time or manner; or, (3) give notice that we intend to make, or are making, this Contract immediately due.**

---

**THIRD PARTY AGREEMENT**

By signing below you agree to give us a security interest in the Property described in the SALE section. You also agree to the terms of this Contract, including the WAIVER section above, except that you will not be liable for the payments it requires. Your interest in the Property may be used to satisfy the Buyer's obligation. You agree that we may renew, extend, change this Contract, or release any party or property without releasing you from this Contract. We may take these steps without notice or demand upon you.

You acknowledge receipt of a completed copy of this Contract.

_____
Signature                               Date

---

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

**IF YOU ARE BUYING A USED VEHICLE, THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE.**

---

**ASSIGNMENT BY SELLER**

Seller sells and assigns this Retail Installment Contract and Security Agreement, (Contract), to the Assignee, its successors and assigns, including all its rights, title and interest in this Contract, and any guarantee executed in connection with this Contract. Seller gives Assignee full power, either in its own name or in Seller's name, to take all legal or other actions which Seller could have taken under this Contract. (SEPARATE AGREEMENT: If this Assignment is made "under the terms of a separate agreement" as indicated on page 1, the terms of this assignment are described in a separate writing(s) and not as provided below.)

Seller warrants:
- A. This Contract represents a sale by Seller to Buyer on a time price basis and not on a cash basis.
- B. The statements contained in this Contract are true and correct.
- C. The down payment was made by the Buyer in the manner stated on page 1 of this Contract and, except for the application of any manufacturer's rebate, no part of the down payment was loaned or paid to the Buyer by Seller or Seller's representatives.
- D. This sale was completed in accordance with all applicable federal and state laws and regulations.
- E. This Contract is valid and enforceable in accordance with its terms.
- F. The names and signatures on this Contract are not forged, fictitious or assumed, and are true and correct.
- G. This Contract is vested in the Seller free of all liens, is not subject to any claims or defenses of the Buyer, and may be sold or assigned by the Seller.
- H. A completely filled-in copy of this Contract was delivered to the Buyer at the time of execution.
- I. The Vehicle has been delivered to the Buyer in good condition and has been accepted by Buyer.
- J. Seller has or will perfect a security interest in the Property in favor of the Assignee.

If any of these warranties is breached or untrue, Seller will, upon Assignee's demand, purchase this Contract from Assignee. The purchase shall be in cash in the amount of the unpaid balance (including finance charges) plus the costs and expenses of Assignee, including attorneys' fees.

Seller will indemnify Assignee for any loss sustained by it because of judicial set-off or as the result of a recovery made against Assignee as a result of a claim or defense Buyer has against Seller.

Seller waives notice of the acceptance of this Assignment, notice of non-payment or non-performance and notice of any other remedies available to Assignee.

Assignee may, without notice to Seller, and without affecting the liability of Seller under this Assignment, compound or release any rights against, and grant extensions of time for payment to be made, to Buyer and any other person obligated under this Contract.

UNLESS OTHERWISE INDICATED ON PAGE 1, THIS ASSIGNMENT IS WITHOUT RECOURSE.

WITH RECOURSE: If this Assignment is made "with recourse" as indicated on page 1, Assignee takes this Assignment with certain rights of recourse against Seller. Seller agrees that if the Buyer defaults on any obligation of payment or performance under this Contract, Seller will, upon demand, repurchase this Contract for the amount of the unpaid balance, including finance charges, due at that time.

| VEHICLE | SOUTH DAKOTA LIENHOLDER'S NOTICE OF FILING | | | | |
|---|---|---|---|---|---|
| TITLE ISSUE DATE | TITLE NO. | TYPE | PREVIOUS STATE | TAX *CODE / $AMT | COUNTY |
| 06/26/2007 | 11983326 | T | FL | 383.53 | 06 |

| YEAR | MAKE | MODEL | BODY | VEHICLE IDENTIFICATION NUMBER |
|---|---|---|---|---|
| 2002 | PONT | GRA | 4S | 1G2WP52K62F272431 |

BRAND

MAIL TO: WELLS FARGO AUTO FINANCE INC
PO BOX 53439
PHOENIX    AZ 85072-3439

WEIGHT / CC
3,496

ODOMETER
56,137 ACTUAL

OWNER(S):
COBB, KATIE OR
COBB, RICHARD

OWNER ADDRESS:
206 7TH ST E
VOLGA    SD    57071

FIRST LIENHOLDER:
WELLS FARGO AUTO FINANCE INC
PO BOX 53439
10    PHOENIX    AZ    85072-3439

SECOND LIENHOLDER:

############################################ RELEASE OF LIEN ############################################

TC COUNTY TREASURERS: Your office is hereby directed to release the lien held by _____

_____, noted as the _____ (First or Second) lienholder listed above, and mark said lien as "SATISFIED" on this _____ day of _____, 20_____.

LIENHOLDER: _____    AUTHORIZED BY: _____
                                                                    (Signature)          (Title)

########################################## AFFIDAVIT OF REPOSSESSION ##########################################

This is to certify that on the ____ day of _____, 20____ the undersigned did lawfully repossess the vehicle as described above, because of the failure of the debtor to fulfill his/her obligation according to the terms of the encumbrance on said vehicle. That I (we) make this affidavit for the purpose of establishing ownership to said vehicle in order to obtain a Certificate of Title hereto under the laws of the State of South Dakota. I (we) further state that in consideration of the issuance of the transfer of certificate of title applied for, I (we) hereby agree to indemnify the Secretary of the Department of Revenue and all persons acting for him from any and all liability that may occur by the issuance of such certificate and agree at my expense to defend any suit that may be brought against the Secretary or any person acting for him as a result of issuing such certificate.

Subscribed and sworn to before me this _____ day of
_____, 20_____.                                Firm Name _____

Notary Public _____           Authorized Signature _____

My Commission Expires _____

                                                        MVSUNEM    070626    104610

# VEHICLE CERTIFICATE OF TITLE

| TITLE NO. | TITLE ISSUE DATE | TYPE | PREVIOUS STATE/BRAND | TAX *CODE/SAMT | TITLE COUNTY | WEIGHT/CC |
|---|---|---|---|---|---|---|
| 11983326 | 06/26/2007 | T | FL | 383.53 | 06 | 3,496 |

| YEAR | MAKE | MODEL | BODY | VEHICLE IDENTIFICATION NUMBER | ODOMETER | |
|---|---|---|---|---|---|---|
| 2002 | PONT | GRA | 4S | 1G2WP52K62F272431 | 56,137 | ACTUAL |
|  |  |  |  | 1G2WP52K62F272431 | 56,137 |  |

MAIL TO:

WELLS FARGO AUTO FINANCE INC
PO BOX 53439
PHOENIX    AZ  85072-3439

BRAND

OWNER(S):    COBB, KATIE OR
             COBB, RICHARD

OWNER ADDRESS:  206 7TH ST E
                VOLGA          SD  57071

## LIENHOLDER(S)                          LIEN RELEASE(S)

FIRST LIENHOLDER:  WELLS FARGO AUTO FINANCE INC
                   PO BOX 53439
         10        PHOENIX       AZ  85072-3439

NOTED BY _____        RELEASED BY _____
         COUNTY TREASURER  (CO.#) (DATE)              COUNTY TREASURER  (CO.#) (DATE)

SECOND LIENHOLDER:

NOTED BY _____        RELEASED BY _____
         COUNTY TREASURER  (CO.#) (DATE)              COUNTY TREASURER  (CO.#) (DATE)

COUNTY TREASURER ONLY
1  Purchase Price (see reverse side)            $_____
   Bill of Sale Not Available___ Computer NADA ED____
2  Less Trade-in Allowance                      $_____
3  Difference                                   $_____
4  Tax 3% of Line 3, Manufactured Home 4%       $_____
5  Credit for Tax Paid to Another State         $_____
6  Title Fee                                    $_____
7  Penalty Fee                                  $_____
8  License Fee                                  $_____
9  Solid Waste Fee                              $_____
10 County Wheel Tax (if applicable)             $_____
11 Other Fees                                   $_____
12 Balance Due                                  $_____

THE DEPARTMENT OF REVENUE AND REGULATION, UNDER SOUTH DAKOTA LAW CERTIFIES THAT THE PERSON(S) NAMED HEREON IS DULY REGISTERED IN THIS OFFICE AS OWNER(S) OF THE DESCRIBED PROPERTY SUBJECT TO ANY LIENS AND ENCUMBRANCES HEREIN SET FORTH. SOUTH DAKOTA LAW REQUIRES DISCLOSURE OF DAMAGE ON MOTOR VEHICLES AND BOATS. DAMAGE INFORMATION IS AVAILABLE UPON WRITTEN REQUEST SENT TO THE DEPARTMENT OF REVENUE AND REGULATION; DIVISION OF MOTOR VEHICLES; 445 EAST CAPITOL AVENUE; PIERRE, SD 57501-3185.

*Paul Kinsman*

MVSUNEM
070626 104610

SECRETARY,
DEPARTMENT OF REVENUE AND REGULATION

CONTROL NO. 0169733

DRR-MV-505 (11/06)

**ANY ALTERATIONS OR ERASURES VOID TITLE**